# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARY BELINDA COBB,**

**Plaintiff,**

**v.**                                                    **Case No:  6:13-cv-842-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

# MEMORANDUM OF DECISION

Mary Belinda Cobb (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits.  Doc. No. 1. Claimant alleges an onset of disability date of October 12, 2009.  R. 129-39.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) finding at step-four of the sequential evaluation process that Claimant can return to her past-relevant work as a Supervisor Order Taker; (2) failing to make a function-by-function assessment of Claimant's functional limitations when determining the Claimant's maximum residual functional capacity (the "RFC"); (3) not finding a more restrictive RFC; (4) failing to properly apply the Eleventh Circuit's pain standard; (5) making a credibility determination that is not supported by substantial evidence; and (6) failing to adequately resolve conflicts between the testimony of the Vocational Expert (the "VE") and the Dictionary of Occupational Titles (the "DOT").  Doc. No. 19 at 10-25.  For the reasons that follow, the Commissioner's final decision is **AFFIRMED**.

## I.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.    ANALYSIS.

### A.  Past-Relevant Work.

Claimant argues that the ALJ erred at step-four by finding that Claimant can return to her past-relevant work as a Supervisor Order Taker.  Doc. No. 19 at 11-14.  More specifically, Claimant argues that the ALJ failed to comply with SSR 82-62 by failing to provide specific findings as to the physical and mental demands of Claimant's past-relevant work.  *Id*.

At step-two, the ALJ determined that Claimant has the following severe impairments: osteoarthritis of the knees; and degenerative disc disease of the cervical and lumbar spines with

associated myofascial pain.  R. 22.   Before proceeding to step-four, the ALJ found that Claimant

retains the following maximum RFC:

> After careful consideration of the entire record, the [ALJ] finds that
> the claimant has the [RFC] to perform light work . . . except that she
> can occasionally lift and carry 15 pounds, frequently lift and carry
> 10 pounds, and stand or walk for a total of 4 hours in an 8-hour day
> for 1 hour at a time, and sit for a total of 6 hours in an 8-hour day
> with the opportunity to change positions from sitting to standing
> every hour for 5 minutes while on task.  She can occasionally kneel,
> stoop, crouch, and climb stairs, but should never crawl or climb
> ladders, ropes or scaffolds.   She can also occasionally reach
> overhead, but should avoid excessive vibration and work at heights
> or with dangerous moving machinery.

R. 23.   Thus, the ALJ concluded that Claimant retains the RFC for a reduced range of light work.

R. 23.

At step-four, the ALJ found as follows:

> The claimant is capable of performing past relevant work as a
> Supervisory Order Taker.   This work does not require the
> performance of work related activities precluded by the claimant's
> [RFC]. . . .   Since the claimant has worked at the above occupation
> within the last fifteen ears, long enough to learn the job and at
> substantial gainful activity levels, she has past relevant work as a
> Supervisor Order Taker.  At the hearing, [the VE] testified the above
> job is categorized in the [DOT] as a: Supervisor Order Taker ([DOT]
> 249.137-026), which is a sedentary, skilled occupation with a SVP
> level of 5.
>
> Based upon the [ALJ's RFC, the VE] testified that a person with the
> claimant's characteristics could perform her past relevant work as a
> Supervisor Order Taker <u>as generally performed</u>.  Accordingly, the
> [ALJ] finds the [VE] to be credible and adopts his opinion that the
> claimant can meet the physical and mental demands of her past
> relevant work as a Supervisor Order Taker.

R. 28-29 (emphasis added).  Thus, the ALJ noted that the VE testified as to the physical and mental

demands of a Supervisor Order Taker as it is generally performed and the ALJ relied on the VE's

testimony to find that an individual with Claimant's background and RFC could perform that work.

SSR 82-62 provides:

The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (<u>either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy</u>) is generally a sufficient basis for a finding of "not disabled."   Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work.

The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work.   Determination of the claimant's ability to do past relevant work requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the [DOT], etc., on the requirements of the work as generally performed in the economy.

The decision as to whether the claimant  retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.   Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit. . . .

In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1.   A finding of fact as to the individual's RFC;

2.   A finding of fact as to the physical and mental demands of the past job/occupation; [and]

3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*Id*. (emphasis added).  Thus, SSR 82-62 stresses the importance of developing the record regarding

a claimant's past-relevant work and requires findings of fact as to: 1) the claimant's RFC; 2) the

physical and mental demands of the past-relevant work; and 3) whether the claimant's RFC would permit a return to the past-relevant work.  *Id.*

Claimant argues that the ALJ erred by failing to make findings of fact related to the the physical and mental demands of Claimant's past-relevant work, and whether Claimant's RFC would permit Claimant to return to that work.  Doc. No. 19 at 13.   To the contrary, the ALJ specifically found, based on the testimony of the VE, that Claimant's past-relevant work as a Supervisor Order Taker required the ability to perform sedentary work and mentally skilled work. R. 29.   Moreover, the ALJ made a specific finding that an individual with Claimant's RFC and other characteristics could perform that work as it is generally performed.  R. 29.[1]  Accordingly, the Court finds that the ALJ complied with SSR 82-62, and Claimant's argument is rejected.

### B.  Function-by-Function Analysis.

Claimant argues that the ALJ erred in determining Claimant's RFC by making no specific findings regarding Claimant's ability to manipulate, such as handling or fingering, which fails to comply with SSR 96-8p's requirement that the ALJ conduct a function-by-function analysis.  Doc. No. 19 at 14-17.  SSR 96-8p provides:

> The RFC assessment <u>must first identify the individual's functional limitations</u> or restrictions and assess his or her work related abilities <u>on a function-by-function basis</u>, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545. . . .  <u>Only after that may RFC be expressed in terms of the exertional levels</u> of work, sedentary, light, medium, heavy, and very heavy.

---

[1] The ALJ's finding that Claimant could perform her past-relevant work as it is "generally performed" is significant because the case relied upon the Claimant dealt with a situation where the ALJ found that Claimant could return to past-relevant work as it was actually performed.  *See Saunders v. Astrue*, No. 5:06-cv-452-Oc-10GRJ, 2008 WL 821939, at *9 (M.D. Fla. Mar. 26, 2008).  In *Saunders*, the Court noted that the ALJ could not simply rely on the VE's testimony because it failed to take into account the Claimant's testimony about how the job was actually performed. *Id.*  Here, the ALJ found that the Claimant could perform her past-relevant work as it was generally performed and, therefore, the ALJ did not err in relying upon the testimony of an expert as to the physical and mental demands of that work.

*Id.* (emphasis added).[2]  20 C.F.R. § 404.1545(b) provides that the following physical functions will be assessed in determining an individual's RFC: "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions  (including manipulative or postural functions, such as reaching, handling, stooping or crouching). . . ."  *Id.*  SSR 96-8p further states that "it is necessary to assess the individual's capacity to perform each of these functions in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work contemplated by the exertional level."  *Id.*  Thus, before stating a claimant's RFC in terms of sedentary, light, or heavy, an ALJ must first assess the claimant's physical abilities on a function-by-function basis, including a claimant's ability to manipulate.  *See* SSR 96-8p; 20 C.F.R. § 404.1545(b).

Claimant acknowledges that the ALJ discussed and assessed a manipulative limitation to only occasional overhead reaching (*see* R. 23), but Claimant argues that the "record is full of evidence" showing additional manipulative limitations and, therefore, the ALJ erred by failing to conduct a full function-by-function analysis.  Doc. No. 19 at 15.   However, other than citing to Claimant's subjective testimony, Claimant fails to cite to any medical evidence in the record supporting a finding that Claimant has manipulative limitations greater than those found by the ALJ.  Doc. No. 19 at 15.[3]  The record contains no medical opinions from treating, examining, or non-examining physicians that Claimant has additional or greater manipulative limitations than found by the ALJ in the RFC.  *See* R. 293-94 (Claimant's treating physician opining 15% total body impairment with only restriction being no lifting greater than 15 pounds); R. 382-84 (non-

---

[2] The Eleventh Circuit has stated "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration.  Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference. . . ."  *Klawinski v. Commissioner of Social Security*, 391 F. App'x. 772, 775 (11th Cir. 2010) (unpublished) (citations omitted).

[3] As set forth in greater detail below, the ALJ's credibility determination is supported by substantial evidence.

examining RFC assessment finding no manipulative limitations).  The ALJ gave great weight to the opinions of Claimant's treating physician and the non-examining opinion, neither of which found any manipulative limitations greater than those found by the ALJ.  R. 28, 293-94, 383.   As such, the Court concludes that the ALJ did not err by failing to conduct a function-by-function analysis.  Alternatively, to the extent the ALJ may have failed to conduct a function-by-function analysis as to Claimant's manipulative limitations, because there is no medical opinion evidence showing that Claimant has greater manipulative limitations than those found by that ALJ, any such error is harmless.

### C.  RFC.

Claimant argues that substantial evidence supports a more restrictive RFC than that found by the ALJ.  More specifically, Claimant maintains that substantial evidence supports a finding that cannot change positions from sitting to standing ever hour for 5 minutes while remaining on task.   Doc. No. 19 at 17-18; R. 23.  Claimant's argument is unavailing.  This Court may not reweigh the evidence and reach its own conclusions about a Claimant's RFC.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).  Even if substantial evidence supported a more restrictive RFC, this Court must affirm if the ALJ's decision is supported by substantial evidence.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  In this case, the ALJ provides a detailed and accurate discussion of the medical record, opinion evidence, and Claimant's testimony.  R. 23-28.  Ultimately, in determining the Claimant's RFC, the ALJ gave great weight to the opinions of Claimant's treating physician and a non-examining physician who provided an RFC assessment.  R. 28.  While Claimant does have significant, well-documented impairments, substantial evidence supports the ALJ's RFC assessment.   Accordingly, the Court rejects this argument.

### D.  Pain Standard.

Claimant argues that the ALJ failed to comply with the Eleventh Circuit's pain standard. Doc. No. 19 at 18-20.  Claimant's argument is without merit.  In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.  By this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).[4]  "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); 20 C.F.R. § 404.1529.[5]  Thus once the pain standard is satisfied, the issue becomes one

---

[4] "Medical history and objective medical evidence such as evidence of muscle atrophy, reduced joint motion, muscle spasm, sensory and motor disruption, are usually reliable indicators from which to draw reasonable conclusion about the intensity and persistence of pain and the effect such pain may have on the individual's work capacity." Social Security Ruling 88-13.

[5] Social Security Ruling 96-7p provides:

> 2.  When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

> 3.  Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or

of credibility.  Here, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC]."  R. 24.   Thus, by finding that Claimant's impairments could reasonably be expected to cause Claimant's alleged symptoms, the ALJ complied with the pain standard and the issue becomes whether the ALJ's credibility determination is supported by substantial evidence.  Accordingly, this argument is rejected.

### E.  Credibility.

Claimant argues that the ALJ's credibility determination is not supported by substantial evidence.  Doc. No. 19 at 20-22.   The ALJ provides a good outline of Claimant's testimony.  R. 23-24.  The ALJ then articulates the following reasons for finding Claimant's subjective testimony not fully credible:

> First, the claimant has described daily activities, including maintaining a household on her own, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations.   Second, the claimant has received various forms of treatment (including appropriate pain medications and epidural injections) for the allegedly disabling symptoms. Although this would normally weigh somewhat in the claimant's favor, the record (including the claimant's own admissions) also reveals that the treatment has been generally successful in

---

decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

*Id.* (emphasis added).

controlling these symptoms. . . . The claimant reported in June 2010, that she continued getting reasonable relief from the pain medications; the pain is still there, but she is able to function properly (Exhibit 4F/9). In August 2010, the treatment notes indicate pain in the coccyx had resolved (Exhibit 4F). In November 2010, the claimant admitted that she is able to maintain personal hygiene, do light housekeeping and laundry, shop, drive a vehicle and participate in social activities/hobbies for short periods of time (Exhibit 11E). The claimant reported [to her treating physician] that she received excellent relief from the cervical epidural injections, her paid reduced from a 9 to a 3 or 4 on a scale of 1 to 10 following the injections (Exhibit 4F). Additionally, in December 2010, although she reported that she has aches and pains in her cervical and lower lumbar spines, which cause pain at a level 8 in a scale of 1 to 10, she also reported that it does not interfere at all with normal work outside the home or housework (Exhibit 7F). At the hearing, the claimant testified that she is able to work on a part-time basis, driving 3 days a week to and from work and shopping 1-2 times a month and attending church occasionally. Further, the record supports significant degenerative disc disease of the cervical and lumbar spines and surgery has been recommended; however, the physical examinations repeatedly refers to normal gait and continues to show no evidence of a deficit in strength, sensation is intact in all dermatomes, there was no evidence of atrophy, and recent exams show a full range of motion of the lumbar spine, as well as hip flexors and knee extensors.

Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals the only restriction placed on the claimant by a treating doctor was [a] restriction of maximum medical improvement in June 2010 with no lifting over 15 pounds (Exhibit 4F). The [ALJ] gives significant weight to that opinion, as consistent with the record described above, and as result it is reflected in the [RFC].

\* \* \* \*

Thus, after carefully considering the entire record, the [ALJ] concludes that the claimant's subjective complaints are not as severe or limiting as alleged and would not preclude her from performing work at the [RFC] noted above on a regular and continuing basis. In support of this conclusion, the [ALJ] references the claimant's statements that she is able to stand and walk for 1 hour periods and lift up to 15 pounds. Additionally, the [ALJ] references the lack of significant findings of Dr. Yatham, Dr. Barimo, Dr. Creamer, and

> Dr. Greenberg upon physical examinations, and the [non-examining RFC opinion]. The [ALJ] also emphasizes that the restriction indicated by the claimant's treating physician is consistent with those determined in this decision.

R. 27-28. Thus, the ALJ found Claimant's subjective testimony not fully credible based upon: (1) her activities of daily living; (2) the general success her treatment has had in controlling her symptoms; (3) the objective findings in physical examinations; (4) the opinion of her treating physician; (5) the opinion of the non-examining physician; and (6) Claimant's statements that she can stand and walk for 1 hour periods and she can lift up to 15 pounds. *Id.* Throughout her analysis, the ALJ provides pinpoint citations to the record, which support the ALJ's reasons. *Id.* After carefully reviewing the ALJ's decision and the record, the Court finds that the ALJ's credibility determination is supported by substantial evidence. Accordingly, this argument is rejected.[6]

### F. Conflicts Between VE and DOT.

Claimant argues that the ALJ erred by failing to resolve two conflicts between the VE's testimony (R. 55-62) and the DOT. Doc. No. 19 at 22-25. First, the Claimant maintains that the DOT does not account for a sit/stand option, and the ALJ erred by failing to explain in the decision how the ALJ resolved the conflict between the VE's testimony and the DOT. Doc. No. 19 at 22-24 (citing SSR 00-4p). It is undisputed that the DOT does not account for or provide a sit/stand option and that the ALJ's RFC contains a sit/stand limitation to an "opportunity to change positions from sitting to standing every hour for 5 minutes while on task." R. 23. At the hearing, the ALJ

---

[6] At the tail end of this section of her brief, Claimant interjects a new argument – that the ALJ erred at step-two by mischaracterizing the severity of Claimant's impairments. Doc. No. 19 at 22. First, it is inappropriate to bury independent arguments within a brief. *See Reese v. Herbert*, 527 F.3d 1253, 1260 (11th Cir. 2008) ("judges are not like pigs, hunting for truffles buried in briefs"). Second, the ALJ did not err at step-two. *See Council v. Barnhart*, 127 F. App'x. 473 (11th Cir. Dec. 28, 2004) ("[T]he ALJ could not have committed any error at step two because he found that [the claimant] had a severe impairment or combination of severe impairments and moved on to the next step in the evaluation, which is all that is required at step two.").

specifically asked the VE "what is the basis for your testimony that an individual could perform these jobs with the opportunity to change positions every hour?"  R. 58.  The VE testified that her opinion was based on her actual observation of the Supervisor Order Taker position.  R. 58-59.  In *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), the Eleventh Circuit held that "when the VE's testimony conflicts with the DOT, the VE's testimony trumps the DOT."  *Id*.  Thus, the ALJ appropriately elicited testimony from the VE about the basis for her opinion that an individual with Claimant's restrictions to a sit/stand option could perform Claimant's past-relevant work and the ALJ was entitled to rely on that testimony.  *See Jones*, 190 F.3d at 1229-30.[7]

Second, Claimant argues that the ALJ erred by failing to resolve the conflict between the VE's testimony and DOT with respect to the limitation to only occasional overhead reaching.  Doc. No. 19 at 24-25.   The VE acknowledged that her testimony conflicted with the DOT, which provides that an individual performing work as a Supervisor Order Taker would need the ability to reach frequently.  R. 57, 59.  The VE stated that while the DOT states that such a position would require frequent reaching, it should only require occasional overhead reaching.  R. 57.  The VE testified that her opinion was based upon her observations of the job.  R. 57-59.  Pursuant to *Jones*, 190 F.3d at 1229-30, the ALJ appropriately relied on the VE's testimony.   Accordingly, these arguments are rejected.

---

[7] Claimant is correct that SSR 00-4p requires an ALJ to obtain a reasonable explanation for any conflicts between a VE's testimony and the DOT – which the ALJ did here (R. 58-59), and to explain in the decision how that conflict was resolved.  *Id.*  Claimant is also correct that the ALJ did not explicitly explain in the decision the basis for the ALJ's reliance on the VE's testimony.  R. 29.   However, because the ALJ solicited testimony from the VE at the hearing, which explains the basis for the VE's opinion, the Court finds that the ALJ's failure to comply with SSR 00-4p is harmless because a remand in such circumstances would serve no useful purpose.  *See Samples v. Astrue*, No. 2:09-cv-89-FtM-26SPC, 2010 WL 1751947, at *1 (M.D. Fla. Apr. 29, 2010); *Torres v. Astrue*, 2012 WL 621707, at *2 (M.D. Ga. Feb. 2, 20132) (the "harmless error doctrine essentially dictates that if remand for the correction of an error would not change the outcome . . . such error is deemed harmless.").

III.     **CONCLUSION.**

For the reasons set forth above, it is hereby **ORDERED** that the Commissioner's final

decision is **AFFIRMED**, and the Clerk is directed to enter judgment in favor of the Commissioner

and to close the case.

**DONE AND ORDERED** in Orlando, Florida on September 12, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record

Copies by mail to:
The Honorable Mary C. Montanus
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801